UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Brad J. Spiller, Esquire
175 Richey Avenue
Collingswood, NJ 08107
(856) 963-5000
BS 1035
Attorney for Debtor(s)

Order Filed on October 17, 2017
by Clerk U.S. Bankruptcy Court
District of New Jersey

In Re:

Richard D. Barber and Sherri L. Barber,
Debtors

Case No.: 16-11865

Hearing Date: November 14, 2017

Chapter: 13

Judge: JNP

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

Recommended Local Form:    ☒  Followed    ☐  Modified

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**.

**DATED: October 17, 2017**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as _____606 Lakefront Circle, Galloway_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☐   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Wanda Butler and Daniel Boddy |
| Amount to be paid: | 6% of gross sales price |
| Services rendered: | Realtor |

**OR**:  ☒  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

2

5.  The amount of $___5,929.93___ claimed as exempt may be paid to the Debtor, under 11 U.S.C. §522(d)(5) and said funds may be disbursed directly to the debtor at closing.

6.  A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

7.  Other provisions:  ORDERED that debtor counsel be allowed a legal fee of $500.00 for representation in connection with this motion, which is to be paid (choose one): _____at closing ____X   through the plan  _____ outside the plan;

8.  Non-exempt proceeds in the amount listed in the verified chapter 13 payoff shall be forward to the chapter 13 Trustee to pay 100% of unsecured creditors who filed timely claims.  Any additional proceeds may be disbursed directly to the creditor.

*rev.8/1/15*